Filed 7/3/25  P. v. Powell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081537, E081541, E081577 |
| v. | (Super.Ct.Nos. SWF1807350, SWF1807588, INF1701496) |
| SHAWN DUSTIN POWELL, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed in part and reversed in part with directions.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Andrew Mestman and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Shawn Dustin Powell appeals the Riverside County Superior Court's denials of his request for resentencing under Penal Code section 1172.75 in three separate cases, which have been consolidated for the purposes of this appeal.[1]

We will find that, contrary to the understandable but mistaken conclusion of the trial court that was based upon errors in the record, the posture of defendant's judgments is not the same in all three cases. We will affirm the trial court's order in one case and, with respect to the other two, we will reverse with directions to conduct full resentencing hearings. We will also instruct the trial court to make corrections of the records in all three matters.

## BACKGROUND

On June 28, 2019, the trial court sentenced defendant in the three cases that are the subjects of this appeal.[2]

1.   *The June 2019 Judgments*

In case No. SWF1807588, the court imposed a total prison term of 16 years eight months for a variety of offenses charged in connection with a domestic violence incident, including a one-year term for each of four 667.5, subdivision (b) (section 667.5(b)) prison priors.

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

[2] The cases are trial court case Nos. INF1701496, SWF1807350, and SWF1807588. A fourth case was also before the court on that day, case No. RIF1800109. In that case, the court sentenced defendant to two years, found defendant had sufficient credits to satisfy that term, and closed that case. For ease of reference, we will refer to the three cases by their trial court case numbers.

In case No. SWF1807350, defendant had been placed on probation in August 2018 after he pled guilty to charges relating to a domestic violence incident (inflicting corporal injury resulting in a traumatic condition in violation of § 273.5, subd. (f)(1)) and vandalism (§ 594, subd. (a)) and admitted two section 667.5(b) prison priors (§ 667.5 (b) or prison prior).  On June 28, 2019, the trial court terminated defendant's probation, and sentenced him to a four-year prison term for the corporal injury charge, one year each for the two prison priors, and a concurrent term of 180 days in any institution for the vandalism.  That sentence was to run concurrently with the time imposed in case No. SWF1807588.

A third case, No. INF1701496, was heard on June 28, 2019.  In that matter, defendant had been placed on probation in 2017 after pleading guilty to a taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)) and admitting a prison prior. In 2019, he was found in violation of mandatory supervision and the trial court sentenced him to a total of five years, including one year for the prison prior, to be served concurrently with the sentence imposed in case No. SWF1807588.[3]

On July 1, 2019, defendant noticed appeals from the three judgments entered on June 28, 2019, and this court placed them together under a single appellate case number.

---

[3] The clerk's transcript does not include the minutes for the June 28, 2019, hearing.

2.	*The 2020 Amendment to Section 667.5 Eliminating the Prison Prior*

	*Enhancements Other Than Those Involving Certain Sexually Violent Crimes in*

	*Judgments Not Yet Final*

Before defendant filed an opening brief in his appeals, an amendment to section 667.5 became effective (amended section 667.5(b)).  (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)  That amendment, which eliminated prior prison term enhancements unless the prior prison term was for specific sexually violent offenses, was retroactive to any case in which the judgment was not final.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342.)

Defendant's sole argument made in his appeals from the June 28, 2019, orders was that, in view of amended section 667.5(b) and because his prison priors were not on account of sexually violent offenses, this court should strike the four prison priors imposed in case No. SWF1807588.  The People conceded the point and we agreed.  We modified the judgment in case No. SWF1807588 to strike the four prison prior terms imposed in that case, remanded the matter with instructions to resentence defendant if the sentencing court chose to exercise its discretion to do so, and directed the court to prepare an amended abstract of judgment to reflect the elimination of the four prison priors and any other change in defendant's sentence the court might order.  (*People v. Powell* (Dec. 23, 2020, E073167) [nonpub. opn.] (*Powell I*).)

The three cases were before the court at the March 23, 2021, remand hearing. The trial court struck the four prison priors in case No. SWF1807588 but declined to make any other changes to defendant's sentence.[4] On March 30, 2021, the clerk of the trial court prepared and filed amended abstracts of judgment in each of the three cases. The abstracts as amended eliminated not only all mention of the four prison priors in case No. SWF1807588, but also the one prison prior in case No. INF1701496 and the two prison priors in case No. SWF1807350.

3.      *Section 1172.75 Becomes Effective in January 2022*

In 2022, section 1172.75 became effective.[5] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020. (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in its custody currently serving a term for a judgment that includes a prison prior enhancement coming

---

[4] The record filed in the appeal from the trial court's March 23, 2021, order in trial court case No. SWF1807588 (our case No. E081541) does not contain the reporter's transcript or the court's minutes from the remand hearing. The oral pronouncement of defendant's judgment entered on remand in case No. SWF1807588 is found in the reporter's transcript filed in his appeal from the orders made case No. SWF1807350.

[5] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we refer to the provision by its current number.

within subdivision (a) of section 1172.75, and to provide the name of each person and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from the CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes a qualifying enhancement, it must recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).)

4.      *The Application of Section 1172.75 in Defendant's Cases, Resulting in this Appeal*

Defendant's name appeared three times (once for each of the cases in which he had been sentenced on June 28, 2019) in a CDCR list of inmates with a prison prior imposed in Riverside County before January 1, 2020.

In June 2023, defendant requested a full resentencing hearing under section 1172.75, claiming that he should have been afforded an opportunity for such a hearing at the time of the March 2021 remand hearing. The trial court noted that it had reviewed the amended abstracts of judgment in the three cases and none reflected a prison prior that was extant at the time section 1172.75 became operative. For that reason, it found defendant's inclusion on the CDCR list was in error and denied defendant's request for a full resentencing hearing in all three cases on the grounds he was ineligible for section 1172.75 relief.

Defendant timely noticed this appeal in all three matters on June 14, 2023. We granted defendant's November 2023 motion to consolidate the appeals for purposes of briefing, oral argument, and decision.

## DISCUSSION

On appeal, defendant argues that his three judgments include qualifying prison priors imposed before January 1, 2020, and that the trial court struck the punishments for those priors in all three cases at the remand hearing but failed to note "PS" (punishment stricken) on the abstracts of judgment. Based on those premises, he claims he is entitled to a full resentencing hearing in each of the three cases because the prison prior enhancements have remained part of the judgment. In their response, the People address only the four prison priors in case No. SWF1807588, and conclude defendant is not entitled to resentencing because his current judgment in that case does not include a sentencing enhancement described in section 1172.75, subdivision (a).

We will find that defendant's claims suffer from factual and legal infirmities but, for reasons set forth below, we will reverse the findings made in case Nos. INF1701496 and SWF1807350, and remand those matters for full resentencing hearings under subdivisions (c) and (d) of section 1172.75. As to case No. SWF1807588, we agree with the People that defendant is not eligible for relief under section 1172.75 because the judgment in that case does not include any prison priors.

7

1.      *Contrary to Defendant's Claims, the March 2023 Abstracts of Judgment in Case Nos. INF1701496 and SWF1807350 Are Not Valid*

As explained, *ante*, defendant was sentenced in three cases on June 28, 2019. In case No. SWF1807350, defendant's judgment included one-year prison terms for each of two prison priors. His judgment in case No. INF1701496 included a one-year term for a single prison prior. And, in case No. SWF1807588, his sentence included four one-year terms for prison priors.

In defendant's appeals from the sentencing hearing, we modified the judgment in case No. SWF1807588, and remanded the three cases to the trial court. (*Powell I*, *supra*, E073167.) At the March 23, 2021, remand hearing, the court ordered preparation of an amended abstract of judgment to reflect the elimination of the four prison priors in case No. SWF1807588 as directed in our opinion in *Powell I*, but did not make any orders with respect to case Nos. INF1701496 or SWF1807350.

After the remand hearing, amended abstracts of judgment were filed in each of the three cases. Those abstracts refer to the March 23 hearing and remove all reference to prison priors that had been included in the previous abstracts.[6]

---

[6] We note there are other errors and omissions in the record needing correction in addition to those aforementioned. The reporter's transcript filed in case No. E081577 (INF1701496) does not include the March 23, 2021, hearings. The clerk's transcripts filed in case No. E081577 (INF1701496) do not contain a minute order for the March 23, 2021, hearings. The clerk's transcript filed in case No. E081537 (SWF1807350) does include a minute order for March 23, 2021, but does not correctly reflect the trial court's oral pronouncement. As stated in the text, *ante*, the court ordered the elimination of the four prison priors in case No. SWF1807588 but did not make any ruling with respect to the prison priors imposed in the other two cases. The minute order for the proceedings

*[footnote continued on next page]*

Defendant acknowledges the trial court did not orally pronounce that it was striking the enhancements in case Nos. SWF1807350 and INF1701496. He claims, however, that the court "implicitly struck the priors from [those] cases" by amending the abstracts of judgment. He is mistaken. It is well settled that an abstract of judgment is not the judgment of conviction and cannot be relied upon if it is different from the oral judgment, and it may not add to or modify the judgment it purports to digest or summarize. (*People v. Jones* (2012) 54 Cal.4th 1, 89.) Here, the trial court made no orders at the remand hearing with respect to the judgments imposed in case Nos. SWF1807350 and INF1701496. Accordingly, the amended abstracts of judgment filed in those cases on March 30, 2021, are incorrect and may not be relied upon.[7]

2. *Reversal for a Full Resentencing Hearing Is Required in Case Nos. E081577 and E081537*

The trial court's findings that defendant was ineligible for section 1172.75 relief in case Nos. INF1701496 and SWF1807350 were bottomed on the invalid March 2021 amended abstracts of judgment, which erroneously indicated that defendant had no prison priors extant in those matters when the statute became effective.

---

contained in the clerk's transcript in case No. E081537 recites that "[s]entence previously imposed is vacated as to Prior 04 05," that those priors were stricken, and that the court ordered an amended abstract to be issued.

[7] In view of our conclusion that the amended abstracts of judgment filed in case Nos. SWF1807350 and INF1701496 are invalid, we need not address defendant's claim that those abstracts should have, but did not, include the designation "PS" to indicate that only the punishments for the prison priors had been stricken in those cases.

Because the March 2021 abstracts in case Nos. INF1701496 and SWF1807350 are invalid, reliance must be placed on the court's previous orders and abstracts to determine defendant's eligibility for section 1172.75 relief in those matters. The earlier documents filed in those cases properly reflect that the trial court's pronouncements of judgment in June 2019 included (i) a one-years sentence imposed and executed for one prison prior in case No. INF1701496, and (ii) two one-year sentences imposed and executed for each of the two prison priors in case No. SWF1807350. Those judgments became final without any change following defendant's appeal in *Powell I*, *supra*, E073167.

Because the valid abstracts of judgment filed in case Nos. INF1701496 and SWF1807350 demonstrate that, at the time of the section 1172.75 hearing, defendant did have prison priors coming within subdivision (a) of that provision that had been imposed and executed, he is entitled to a full resentencing hearing in those two cases.

3.      *Defendant Is Not Eligible for Section 1172.75 Relief in Case No. SWF1807588*

At the section 1172.75 hearing, the trial court found defendant was not eligible for relief in case No. SWF1807588. We agree.

At the March 2021 remand hearing following defendant's appeal from the judgment and in keeping with our opinion issued in that appeal (*Powell I*, *supra*, E073167) the trial court eliminated the four prison priors that had been included in defendant's sentence in case No. SWF1807588, and the abstract of judgment in that case was correctly amended to reflect the new judgment. Accordingly, the trial court's

10

finding that defendant did not have any extant prison priors in that case at the time section 1172.75 became effective was correct.

Defendant argues the trial court simply struck the punishment for the prison priors but failed to include the notation "PS" (punishment stricken) on the abstract forms. That claim finds no support in the record. Our opinion in *Powell I, supra*, E073167 and the trial court's March 2021 orders made on remand make clear that the prison priors were eliminated from defendant's judgment before it became final.

**DISPOSITION**

The trial court's finding that defendant is not eligible for relief under section 1172.75 in case No. SWF1807588 is affirmed. Its findings that he is not eligible for a full hearing under section 1172.75 in case Nos. INF1701496 and SWF1807350 are reversed. The matters are remanded with instructions to:

1. Hold full resentencing hearings under section 1172.75 in case Nos. INF1701496 and SWF1807350;

2. Correct the records in case Nos. SWF1807588, INF1701496, and SWF1807350 as follows:

(a) Include the clerk's minutes of the June 28, 2019, hearing in the record of case No. INF1701496;

(b) Include the reporter's transcript and the clerk's minutes of the March 23, 2021, remand hearing in the record of case No. SWF1807588;

11

(c) Include the reporter's transcript and the clerk's minutes of the March 23, 2021, remand hearing in the record of case No. INF1701496; and,

(d) Correct the March 23, 2021, minute order in case No. SWF1807350 to eliminate the following language: "Sentence previously imposed is vacated as to Prior 04 05. [¶] Court orders Prior(s) 04 05 Stricken. [¶] Sentenced to State Prison for a total term of 4 years and 0 months. [¶] Court orders amended abstract be issued."

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

FIELDS
J.

12